IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DIXIE BARTLETT and LARRY BARTLETT,
her husband,

                        Plaintiffs,

vs.                                                 Civil Action No. 2:13-cv-14850

BOSTON SCIENTIFIC MIAMI
CORPORATION; MARTIN MEMORIAL
MEDICAL CENTER, INC.;
KATHY SANTORIELLO, M.D.;
KATHY SANTORIELLO, M.D., P.A.; and
HEALTH RENEW MD, INC.,

                        Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand to the 19th Judicial Circuit of Florida, filed July 30, 2013. (Pl.'s Mot. to Remand, [ECF No. 14]). The parties have responded and replied. Also pending is plaintiff's Motion for Hearing and/or Ruling, filed November 11, 2015. (Pl.'s Mot. for Hr'g/Ruling, [ECF No. 27]). For the reasons set forth below, the Motion to Remand is **GRANTED**, and the Motion for Hearing and/or Ruling is **DENIED as moot**.

**I. Relevant Background**

The plaintiffs, Dixie Bartlett and Larry Bartlett ("Bartletts"), filed this action in the Circuit Court of Martin County, Florida on May 24, 2013. (Notice of Removal, [ECF No. 5]). This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress

urinary incontinence ("SUI"). Specifically, this case is one of over eighteen thousand currently pending against defendant Boston Scientific Corporation ("BSC")[1] in the BSC MDL, MDL 2326. In the present action, Ms. Bartlett was implanted with a "Pelvic Floor Lift and Sling Advantage Kit," manufactured by BSC, while under the medical care and treatment of defendant Dr. Kathy Santoriello, M.D. ("Dr. Santoriello"). (State Court Complaint, Ex. B, [ECF No. 1]). The plaintiffs additionally joined Dr. Santoriello's two corporate entities, "Kathy Santoriello, M.D., P.A." and "Health Renew, M.D., P.A.," (collectively referred to as "Santoriello Corporate Defendants") as well as Martin Memorial Medical Center, Inc. ("Martin Memorial") as defendants in the instant action. (Notice of Removal, [ECF No. 5]).

The Bartletts' original Complaint asserts ten separate counts: Counts I-IV assert claims of negligence, strict products liability, fraudulent concealment and fraudulent misrepresentation against BSC. (State Court Complaint, Ex. B, [ECF No. 1]). Counts V asserts a negligence claim against Martin Memorial. (*Id.*) Counts VI-X assert negligence and medical malpractice claims against the Santoriello Defendants. (*Id.*)

On June 4, 2013, BSC filed a Notice of Removal in the United States District Court for the Southern District of Florida based on a theory of diversity jurisdiction. (Notice of Removal, [ECF No. 5]). Subsequently, on June 19, 2013, this litigation was transferred to the Southern District of West Virginia for consolidated pretrial proceedings as part of the BSC MDL, MDL 2326. (Conditional Transfer Order, [ECF No. 9]).

According to BSC, removal was proper in this case based upon diversity jurisdiction. (Notice of Removal at 3-4, [ECF No. 5]). The Bartletts are now and were, at the time of the filing

---

[1] In their Complaint and Motion to Remand, plaintiffs incorrectly name BSC as "Boston Scientific Miami Corporation." However, both parties have acknowledged subsequently during the litigation that the intended defendant is BSC. (Notice of Removal, [ECF No. 5]).

of this action, citizens of the State of Florida and BSC is a Delaware corporation with its principal place of business in Massachusetts. (*Id*. at 3). While Dr. Santoriello, the Santoriello Corporate Defendants, and Martin Memorial are now and were, at the commencement of this action, citizens of Florida, BSC contends that the citizenship of these defendants is insufficient to destroy complete diversity because the non-BSC defendants in this instant case are fraudulently joined and/or misjoined. (*Id*. at 5-7). Therefore, according to BSC, the lack of complete diversity due to allegedly fraudulently joined or misjoined parties does not defeat complete diversity under 28 U.S.C. § 1441(b). (*Id*.)

On July 30, 2013, the plaintiffs filed a Motion to Remand to the 19th Judicial Circuit Court of Martin County, Florida, arguing that, in relevant part, Dr. Santoriello was properly joined as a defendant in this suit because the plaintiffs' claims against Dr. Santoriello and BSC are sufficiently related. (Pl.'s Mot. to Remand, [ECF No. 14]). Thus, according to the plaintiffs, complete diversity does not exist, and the case should be remanded to Florida state court.[2] In opposition to the Plaintiff's Motion to Remand, BSC clarified their original argument and posited that Dr. Santoriello and the Santoriello Corporate Defendants were fraudulently misjoined because their claims against these defendants "are wholly unrelated to the products liability claims against BSC and were joined simply for the purpose of preventing removal." (Opp. to Pl.'s Mot. to Remand, 6, [ECF No. 16]). Additionally, BSC alleges that Martin Memorial was fraudulently joined in this action because no claim could successfully be asserted against Martin Memorial in Florida state court. (*Id*. at 8-11).

---

[2] Plaintiffs also asserted other theories as to why this court does not possess subject-matter jurisdiction based upon a theory of diversity jurisdiction pursuant to 28 U.S.C. § 1332 that is necessary to hear this case. As explained *infra*, these arguments do not need to be addressed to reach this ruling and, thus, are largely not discussed.

## II. Legal Standards for Removal, Remand and Fraudulent Misjoinder

Under 28 U.S.C. § 1407, this court is empowered to rule on pre-trial motions in MDL suits. Furthermore, "[w]hen analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted); *see Toll Bros., Inc. v. Dryvit Sys., Inc.*, 432 F.3d 564, 568 n.4 (4th Cir. 2005) (applying Connecticut state law in transferred multidistrict litigation case based on diversity jurisdiction and citing to *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d at 1055); *Bradley v. United States*, 161 F.3d 777, 782 n.4 (4th Cir. 1998); *see also* 15 Charles A. Wright et al., *Federal Practice and Procedure*, § 3866 (3d ed. 2009). Thus, this court will employ the law of the Fourth Circuit to analyze these issues of federal law.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds…$75,000…and is between citizens of different states." 28 U.S.C. § 1332(a). Defendants in a civil action in state court may seek to remove the case to the appropriate United States District Court where such action is pending on the basis of diversity jurisdiction unless "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted).

"Fraudulent joinder and fraudulent misjoinder are two distinct legal doctrines that provide exceptions to the well-pled complaint rule as it applies to removal based on diversity jurisdiction by allowing courts to disregard the citizenship of certain parties." *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F.Supp.2d 492, 496 (S.D.W. Va. 2009).

Explaining further, I wrote in *Wyatt*:

> Fraudulent joinder is applicable where a defendant seeking removal argues that other defendants were joined when there is no possible successful cause of action against those defendants or where the complaint pled fraudulent facts. Fraudulent misjoinder, on the other hand, is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal.

*Id* (internal citations omitted). Additionally, many courts have imposed a heightened standard such that those courts will not "hold that mere misjoinder is fraudulent joinder." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). In *Wyatt*, I joined many other courts in finding that a misjoinder must rise to the level of "egregious" to constitute fraudulent misjoinder. *See, e.g., Wyatt*, 651 F.Supp.2d at 496-99 (Stating "something more than mere misjoinder of parties may be required to find fraudulent joinder."); *see also Ashworth v. Albers Medical, Inc.*, 395 F.Supp.2d (S.D.W. Va. 2005); *Ash v. Providence Hosp.*, 2009 WL 424586 (S.D. Ala. 2009).

In *Ashworth v. Albers Medical, Inc.*, Judge Copenhaver, following the approach of the 11th Circuit in *Tapscott*, found that when analyzing fraudulent misjoinder "the issue is whether the joinder of the defendants is permissible or whether that joinder is asserted for the sole purpose of defeating the diverse defendant's right to removal." *Ashworth*, 395 F.Supp.2d at 411. Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder and, in relevant part, provides:

> Persons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

5

>arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). *See also Wyatt*, 651 F.Supp.2d at 496-97 (applying Fed.R.Civ.P. 20 to analogous case facts); *Ashworth*, 395 F.Supp.2d at 411-12 (utilizing same legal analytical framework as *Wyatt*). Simply put, I must decide whether there is a "sufficient factual nexus" between the claims asserted against the different defendants to satisfy the Rule 20 joinder standard. *Wyatt*, 651 F.Supp.2d at 498.

In *Wyatt*, a West Virginia couple filed suit against a Minnesota medical device company and also against their local West Virginia health care providers that were involved in the procedures and follow-up care. The Wyatts alleged that the medical device, a defibrillator, was defective and that the local health care providers were negligent in providing care and treatment following the device's malfunction. *Id*. at 493-95. In remanding the case back to the state courts in West Virginia, I found that all of the Wyatt's claims for relief arouse out of the same occurrence: "Ms. Wyatt's surgery and the after effects of that surgery." *Id.* at 498.

In contrast to *Wyatt*, the *Ashworth* court found a case of fraudulent misjoinder and severed the claims against the improperly joined party into a separate trial. By so severing, the *Ashworth* court ensured that there was complete diversity among the remaining parties. *Ashworth* involved a case where a plaintiff brought an action in West Virginia state court against a drug manufacturer and pharmacy seeking to recover for injuries resulting from being provided counterfeit LIPITOR<sup>TM</sup> pills. *Ashworth*, 395 F.Supp.2d at 398-99. The *Ashworth* court found that the case against the drug company and Rite Aid, the pharmacy from which the plaintiff purchased the counterfeit pills, were fraudulently misjoined by the plaintiff. According to the *Ashworth* court:

6

> Plaintiff's claim against non-diverse Rite Aid concerns a written request for medical records and a purported failure on the part of Rite Aid to comply with that request…. Rite Aid's liability under the statute does not turn on any resolution of whether any of the tablets sold to and consumed by plaintiff were counterfeit. Rather, the inclusion of non-diverse Rite Aid serves to unfairly defeat the diverse defendants' right to have the action against them heard in this court. Inasmuch as there is no common factual or legal questions governing the claims, the court finds that Rite Aid is not properly joined in this action.

*Id.* at 412.

**III. Analysis**

As in *Wyatt* and *Ashworth*, this court must determine whether subject-matter jurisdiction exists necessary to hear this case. BSC asserts that this court should have diversity jurisdiction pursuant to 28 U.S.C. § 1332. BSC further alleges that the Bartletts fraudulently misjoined Dr. Santoriello as a defendant in this case for the sole purpose of defeating complete diversity. (Opp. to Pl.'s Mot. to Remand, 6 [ECF No. 16]). The Bartletts, however, posit that as they are citizens of Florida and Dr. Santoriello is a citizen of Florida, there is not complete diversity between the parties. Therefore, according to the Bartletts, if Dr. Santoriello is a properly joined defendant, the case should be remanded because this court does not possess the proper subject-matter jurisdiction to hear this case.

In order to determine whether I have the necessary subject-matter jurisdiction to hear this case, I must determine whether the claims against defendants BSC and Dr. Santoriello arise "out of the same transaction, occurrence, or series of transactions or occurrences" and whether "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a); *see also Wyatt*, 651 F.Supp.2d at 498.

First, I **FIND** that all of the plaintiffs' claims arise out of the same transaction or occurrence. Ms. Bartlett had a product manufactured by defendant BSC implanted into her body during a surgery at Martin Memorial Medical Center. Immediately thereafter, Ms. Bartlett alleges

7

that she suffered lasting and substantial injury as a result of the surgery. (State Court Complaint, Ex. B, ¶¶ 17-33 [ECF No. 1]). According to the Plaintiffs' Complaint, Ms. Bartlett's injuries were caused by and resulted from the negligence of all of the defendants. The present case is to be contrasted with *Ashworth*, where the plaintiff's claim against one defendant concerned that defendant's failure to comply with a records request and where, against the other defendant, the plaintiff sought damages for manufacturing and selling counterfeit prescription pills. In the instant matter, as in *Wyatt,* the plaintiffs' alleged injuries and bases of their claims for relief all result from the same occurrence: Ms. Bartlett's surgical implantation of BSC's "Pelvic Floor Lift and Sling Advantage Kit" by Dr. Santoriello at Martin Memorial Medical Center and the alleged after-effects caused by BSC's product.

Second, I **FIND** that at least one common question of law or fact exists between the claims against BSC and Dr. Santoriello. Among other claims not necessary for discussion in the present analysis, the Bartletts allege that the common occurrence that spawned this suit, Ms. Bartlett's surgery, caused injury for which the plaintiffs seek damages. Taking the plaintiffs' allegations as true, the Bartletts clearly state that the injuries suffered were caused by all defendants. (State Court Complaint, Ex. B, ¶¶ 17-33, 34-43, and 90-95 [ECF No. 1]). Thus, as the plaintiffs aptly note, if the court were to sever the trials against defendants BSC and Dr. Santoriello, "Boston Scientific [could] defend itself by claiming that its product was not defective but instead was incorrectly implanted by the doctor" and vice versa. (*Id.*) This possibility for overlapping and intertwined alleged liability on behalf of the defendants illustrates exactly why these plaintiffs should have an opportunity to have their claims against both defendants heard within the same trial. Because I find at least one common question of law or fact in claims against both BSC and Dr. Santoriello, I need not consider any other possible commonalities though they may certainly exist.

Finally, even if these discussed claims were misjoined, I would not be able to find that the misjoinder was "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360 (Defining the approach to the doctrine of fraudulent misjoinder that this court then follows in *Wyatt*). This is not the case of *Ashworth* where a claim against a non-diverse defendant was so unrelated to the underlying transaction or occurrence that it was clear that the joinder of the non-diverse party was effectuated primarily to destroy complete diversity. *Ashworth*, 395 F.Supp.2d at 412. After their case was removed to federal court, the Bartletts did not seek to amend their Complaint and add Dr. Santoriello as a defendant in the litigation merely for the sake of defeating diversity. Rather, from the outset, the plaintiffs have laid claims against Dr. Santoriello and BSC, which, taken as true, are undoubtedly intertwined. I find that Dr. Santoriello is properly joined as a defendant in this case. Even if reasonable minds were to differ, it cannot be said that the joinder of Dr. Santoriello in this action is "egregious."

### IV. Conclusion

Because I **FIND** that Dr. Santoriello was not fraudulently misjoined, I also **FIND** that complete diversity does not exist because both the plaintiffs, the Bartletts, and defendant Dr. Santoriello are citizens of the State of Florida. Accordingly, under the framework of 28 U.S.C. § 1332, this court does not have jurisdiction over this case. The plaintiffs' Motion to Remand is therefore **GRANTED** insofar as this case is **REMANDED** to the 19th Judicial Circuit Court of Florida in Martin County, Florida. With remand, I do not need to address the plaintiffs' other arguments for remand.[3] Further, this court does not address whether defendant Martin Memorial was fraudulently joined because this case lacks complete diversity with or without Martin

---

[3] These arguments relate to the "amount in controversy" requirement for diversity jurisdiction and whether there was unanimous consent amongst the defendants to remove the case. (Pl.'s Mot. to Remand, [ECF No. 14])

Memorial's presence in the litigation. The plaintiffs' subsequent Motion for Hearing and/or Ruling is **DENIED as moot**. (Pl.'s Mot. for Hr'g/Ruling, [ECF No. 27]).

The court **DIRECTS** the Clerk to send a copy of this order to counsel of record and any unrepresented party.

ENTER: November 20, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE